*280 OPINION of the Court, by
Judge Logans
This was a su^ *n chancery with injunction to stay proceedings on a judgment at law recovered by the appellant as the assignee of one Fisk, against Dougherty and Worden P°Pe as his security, on a note which had been given for the paymant of 75 bushels of salt,
This note was executed in consideration of a negro w®i»an purchased by Dougherty of Fisk, who was re-presented in the bill of sale to be 4< about fifty years of age,” and who the bill charges was also represented to bé soun(j an¿ never known to the defendant to be other *281 wise indisposed than with two or three slight touches of the cholic.
Proceedings were had against Fisk as an absent defendant, and the bill as to him taken pro covfessO.
Honoré, who was also hiadé a defendant, m substance answered, that he knew nothing of his own knowledge, in relation to the facts charged; and relies particularly on assurances, which he avers to have been made by Pope, that the note was good and would be paid, before he would take the assignment thereof.
Pope, in answer to interrogatories put in the nature of a cross bill, admits that upon the application of Honoré, he informed him the note was good, not knowing at the time of the alleged fraud, and being only the security of Dougherty, as the note itself manifested. He also states that he is informed that Honoré, previous to said application, was apprised that Dougherty would controvert the payment on the ground of fraud.
Two questions are presented in this cause — 1 St, Whether the complainant has shown himself entitled to relief ? And Silly, Whether the statements Of Pope, the security, render him liable to the assignee ?
As to the first question, the proof very abundantly shows that the negro was about 70, instead of 50 years of age, infirm and of no value.
But objections were taken to the depositions for want of notice as to Fisk, which the court overruled and admitted the evidence. Whether that opinion was correct, is not material to examine, since the allegations in the bill are to be taken as true, upon the bill being taken pro covfesso. And the statements in the bill present a case proper for relief,
With respect to the second question, there is Still less room for doubt. Pope was known to be security only. The application to him was surely for such information as he possessed in relation to the execution of the note, and not with an expectation of making him Háble beyond his responsibility as security in the note, It could not have beén expected that the security intended to induce the assignee to become the purchaser of the note, more than might have been done by any other person who had knowledge of the execution of the instrument and to whom application might have been made for information. It is in fact nothing short of an attempt to charge a man for telling what he knew when x’equested, *282 because lie did not know more, or because an injury to the applicant had accrued from his own expectation that there was no latent objection, as the note had been duly executed and was believed to be good. Had be put the question to the security, whether he would be also security for Fisk, the seller of the negro, that he had prac-tised no fraud on Dougherty, as well as security for Dougherty that he would pay the consideration, an answer to his interrogatory would no doubt have removed all misunderstanding on this point. As the question, however, is presented, Pope cannot be farther answerable than the principal himself was : ’ and that, therefore, the decree of the court below is correct, and must be affirmed with costs.